UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON T. MATHIS, | Case No. 3:22-cv-00091-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| WARDEN, N.N.C.C., et al., | |
| Respondents. | |

*Pro se* Petitioner Jason T. Mathis has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 6 ("Petition").) This matter comes before the court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the court directs service of the Petition.

Mathis challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Jason T. Mathis*, Case No. 05C216498-1.[1] On October 8, 2008, the state court entered a judgment of conviction, pursuant to a jury trial, for two counts of first-degree murder with the use of a deadly weapon and one count of conspiracy to commit murder. In total, it appears that Mathis was sentenced to four terms of life without the possibility of parole. Mathis appealed, and the Nevada Supreme Court affirmed on June 30, 2011. Remittitur issued on July 25, 2011.

On February 3, 2012, Mathis filed a state petition for writ of habeas corpus. The state court denied post-conviction relief on July 9, 2019. Mathis filed a post-conviction appeal, and the Nevada Supreme Court affirmed the denial on November 13, 2020. Remittitur issued on December 8, 2020.

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

On February 14, 2022, Mathis initiated this federal habeas corpus proceeding by filing a motion for extension of time to file a petition for a writ of habeas corpus. (ECF No. 1-1.) This Court instructed Mathis to resolve the filing fee, denied his motion without prejudice as premature, and instructed Mathis to file a petition for a writ of habeas corpus. (ECF No. 4.) Mathis complied by paying the filing fee and filing a petition. (ECF Nos. 6, 7.)

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson,* 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Although it appears that Mathis's petition may have a statute of limitations issue,[2] the Court finds that a response is warranted in the instant case.

Further, it appears that counsel may be helpful in this case, given the potential complexity of Mathis's claims and his life sentences. The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(a)(2), authorizes the court to appoint counsel "when the interests of justice so require." The CJA further provides that a habeas petitioner must demonstrate financial eligibility in all circumstances where the court appoints counsel. *See id.* § 3006A(a) (counsel "shall be provided for any financially eligible person") (emphasis added).

Although this Court finds that the appointment of counsel is in the interests of justice, this Court is cognizant of the fact that Mathis has not moved for the appointment of counsel. As such, this Court intends to provisionally appoint the Federal Public Defender to represent Mathis in 30 days unless Mathis

---

[2] Absent another basis for tolling or delayed accrual, the Court notes—but does not decide—that it appears that Mathis filed his petition 343 days after the AEDPA limitation period expired.

declares his desire that this Court not appoint counsel. Moreover, if Mathis desires that counsel be appointed, he must file a complete *in forma pauperis* ("IFP") application to show that he cannot afford counsel to litigate this case.

It is therefore ordered that the Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition (ECF No. 6) and this order.

It is further ordered that this Court will provisionally appoint the Federal Public Defender to represent Mathis in 30 days unless Mathis declares his desire that this Court not appoint counsel.

It is further ordered that prior to the appointment of counsel, if Mathis desires the appointment of counsel, Mathis must file an application for leave to proceed IFP, accompanied by a signed financial certificate and a statement of his inmate account. The clerk of the court is directed to send Mathis a blank application form for incarcerated litigants.

It is further ordered that this Court will set a briefing schedule following the appointment of counsel or the filing of Mathis's declaration that counsel is not desired.

DATED THIS 2nd day of August 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3