UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON T. MATHIS,<br><br>　　　　　　　　Petitioner,<br>　v.<br>WARDEN, N.N.C.C., et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:22-cv-00091-ART-CLB<br><br>ORDER |

Before the Court is counseled Petitioner Jason T. Mathis' motion for discovery. (ECF No. 30.) Respondents moved twice to extend their deadline for responding to the motion. (ECF Nos. 31, 33.) This Court granted the requests, giving Respondents until November 30, 2023, to file their response to the motion for discovery. (ECF No. 32, 34.) Although Respondents have moved to extend their deadline for filing their answering brief (ECF Nos. 35, 37), they have not moved to extend their deadline for filing their response to the motion for discovery.[1] As such, due to Respondents' lack of response to the motion for discovery, the Court considers it unopposed. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

---

[1] In this Court's December 15, 2023, order granting Respondents' first request for an extension of their deadline to respond to the first-amended petition, it noted that "Respondents' deadline to respond to the motion for discovery expired on November 30, 2023." (ECF No. 36 n.1.) Thus, even if Respondents' failure to request an extension of their time to respond to the motion for discovery by November 30, 2023, was an oversight, this Court alerted them to the issue. Instead of filing a motion for extension to respond to the motion for discovery, Respondents filed another request for an extension to file their response to the first-amended petition, neglecting to mention the motion for discovery. (ECF No. 37.)

## I. BACKGROUND[2]

Mathis challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Jason T. Mathis*, Case No. 05C216498-1. On October 8, 2008, the state court entered a judgment of conviction, pursuant to a jury trial, for two counts of first-degree murder with the use of a deadly weapon and one count of conspiracy to commit murder. Mathis was sentenced to four terms of life without the possibility of parole. Mathis appealed, and the Nevada Supreme Court affirmed on June 30, 2011. Remittitur issued on July 25, 2011. On February 3, 2012, Mathis filed a state petition for writ of habeas corpus. The state court denied post-conviction relief on July 9, 2019. Mathis filed a post-conviction appeal, and the Nevada Supreme Court affirmed the denial on November 13, 2020. Remittitur issued on December 8, 2020.

On February 14, 2022, Mathis initiated this federal habeas corpus proceeding. (ECF No. 1-1.) This Court screened this case and appointed counsel for Mathis. (ECF Nos. 8, 11.) Mathis filed his counseled first-amended petition on October 13, 2023. (ECF No. 28.) In ground 5 of that first-amended petition, Mathis raises a claim for relief under *Brady*, alleging that the State failed to disclose impeachment material regarding San Francisco Police Department Inspector Robert McMillan. (*Id.* at 31.) Through his instant motion for discovery, Mathis requests leave to conduct discovery to obtain this alleged impeachment information, including a copy of Inspector McMillan's personnel file from the police department. (ECF No. 30.)

## II. GOVERNING LAW

Discovery in habeas matters is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "A party

---

[2] Given that the state court record has yet to be filed in this action, this Court's citation to any background information is limited.

shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has construed Rule 6, holding that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery. *Id.* at 904. Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations contained in existing claims. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'").

## III.   DISCUSSION

Having considered Mathis' motion for discovery and the first-amended petition, this Court finds good cause exists to grant the unopposed discovery request. Indeed, Mathis has presented a good faith basis to allege that the State failed to disclose to the defense material impeachment information regarding Inspector McMillan. (*See* ECF Nos. 29-1, 29-2, 29-3.) This Court therefore grants Mathis leave to issue subpoenas to any relevant persons or entities, including but not limited to the San Francisco Police Department, the San Francisco District Attorney's Office, and any related persons, entities, or departments for (1) any and all records, documents, and other information discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), regarding Inspector Robert McMillan and (2) a complete copy of the personnel file for Inspector Robert McMillan.

### IV.   MOTION FOR EXTENSION

Respondents filed an unopposed motion for extension of time (second request) to file their response to the first-amended petition. (ECF No. 37.) Given that this Court has granted Mathis' motion for discovery, the Court grants Respondents' motion, vacating their deadline to respond to the first-amended petition until after Mathis' discovery has been completed.

### V.   CONCLUSION

It is therefore ordered that the unopposed motion for discovery (ECF No. 30) is granted. Without the necessity of prior court approval of the subpoenas, Petitioner Jason Mathis may pursue discovery from any relevant persons or entities, including but not limited to the San Francisco Police Department, the San Francisco District Attorney's Office, and any related persons, entities, or departments for (1) any and all records, documents, and other information discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), regarding Inspector Robert McMillan and (2) a complete copy of the personnel file for Inspector Robert McMillan. Mathis must file a status report on the earlier of completion of discovery or within 90 days. Mathis will then have 30 days from the completion of discovery to file and serve any appropriate motion.

It is further ordered that Respondents' motion for extension of time (ECF No. 37) is granted. Respondents need not file and serve an answer until further order of the Court.

DATED THIS 15th day of February 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4